UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25mj8745 WM

UNITED STATES

v.

ALFRED CHARLES DAVIS,

    Defendant.
_____/

FILED BY____SW____D.C.

Dec 10, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No.

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No.

5. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No.

    Respectfully submitted,

    JASON A. REDING QUIÑONES
    UNITED STATES ATTORNEY

By:    /s/ Jonathan Bailyn_____
    Jonathan R. Bailyn, AUSA
    Court ID No. A5502602
    500 South Australian Ave, 4th Floor
    West Palm Beach, Florida 33401
    Phone: (561) 209-1050
    jonathan.bailyn@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>Alfred Charles Davis<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 25mj8745 WM<br>)<br>)<br>) |

FILED BY ____SW____ D.C.
Dec 10, 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 10, 2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 28 U.S.C. § 1826 | Recalcitrant Witness |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adam J. Weisenstine, FBI SA
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by  Face Time.

Date: __12/10/2025__

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__    William Matthewman, Chief United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Adam J. Weisenstine, having been duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have been since 2019. I am currently assigned to the West Palm Beach, Resident Agency, and a member of the Financial Crimes Squad. As a Special Agent, I have participated in and directed numerous investigations involving wire fraud, bank fraud, and theft of government property.

2. The information contained in this Affidavit is based on, among other things, my participation in the investigation described herein, my review of the relevant documents, information obtained from law enforcement officers and others during my investigation, and knowledge gained from my training and experience. Because I submit this Affidavit for the limited purpose of establishing probable cause, it does not set forth all my knowledge about this matter.

3. Based on my training and experience, and the facts set forth in this Affidavit, I respectfully submit that there is probable cause to believe that Alfred Charles DAVIS has committed the offense of being a recalcitrant witness, in violation of Title 28, United States Code, Section 1826(a):

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information.

## **PROBABLE CAUSE**

4. On October 21, 2025, I served a trial subpoena on DAVIS by transmitting it to his confirmed email address, dca443561@gmail.com. On October 25, 2025, DAVIS informed me that he did not wish to testify. I advised him that the subpoena remained in effect and that I would inform the assigned Assistant United States Attorney of his position. The subpoena was for *United States v. Elaine Escoe et al.*, 25-cr-80076-AMC, scheduled to begin December 15, 2025 in Ft. Pierce, Florida.

5. Two days later, on October 27, 2025, DAVIS emailed me stating: ". . . I'm willing to appear and testify. I am in receipt of your subpoena and prepared to be there for the full 2wks." I responded, clarified that a two-week appearance would not be required.

6. On November 14, 2025, DAVIS participated in a trial-preparation session with AUSA Katie Wilson. During that meeting, DAVIS was cooperative, responsive to questioning, and demonstrated understanding of the December 15, 2025 trial date and the requirement that he appear for one day of testimony.

7. Beginning December 1, 2025, I attempted numerous times to contact DAVIS in order to coordinate his travel and lodging for trial. Between December 1 and December 9, I sent multiple emails, text messages, and made repeated telephone calls. These efforts included emails on December 1, 2, 8, and 9; text messages on December 3, 4, 8, and 9; and multiple attempted phone calls on December 5, 8, and 9. DAVIS did not respond to any of these attempts.

8. On December 10, 2025, DAVIS emailed me stating: "No, I will not call. No, I will not provide any information. No, I will not testify." I immediately advised him of the potential legal consequences of refusing to comply with a federal subpoena, including contempt of court and possible arrest pursuant to federal law.

9. In response, DAVIS sent two additional emails—at 10:41 a.m. and 10:43 a.m.—each dismissive in tone and providing no indication he intended to comply. The messages read:

"Have a good Wiesenstine Regards, Davis, A.C."

"Have a good day Wiesenstine. Regards, Davis, A.C."

10. At 10:47 a.m., I emailed DAVIS again and sought clarification, giving him one final opportunity to affirm his intent to comply with the subpoena. I wrote: "Are you still affirming that you will not appear next week on Tuesday morning to testify? If you refuse to comply, we are going to begin putting together a request for the court to issue an arrest warrant for you today or tomorrow."  DAVIS did not respond.

[Space Intentionally Left Blank]

## CONCLUSION

11. Based on the foregoing, there is probable cause to believe that DAVIS is willfully refusing to comply with a valid federal subpoena and is a recalcitrant witness under 28 U.S.C. § 1826(a).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
Adam J. Weisenstine
Special Agent
Federal Bureau of Investigation

Attested to by the applicant
in accordance with the requirements
of Fed. R. Crim. P. 4.1 by FaceTime
this 10th day of December 2025.

_____
HON. WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   ALFRED CHARLES DAVIS

**Case No**:

Count #: 1

Recalcitrant Witness

Title 28, United States Code, Section 1826(a)
* **Max. Term of Imprisonment:** Life of Court Proceeding
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** N/A
* **Max. Fine:**  N/A

*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.